Filed 8/26/24  P. v. Turner CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>CHRISTOPHER TURNER,<br><br>  Defendant and Appellant. | G062590<br><br>(Super. Ct. No. 11NF1003)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Nicholas S. Thompson, Judge. Affirmed.

Rachel Varnell, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Eric A. Swenson and Heather M. Clark, Deputy Attorneys General, for Plaintiff and Respondent.

Christopher Turner appeals from a postjudgment order denying his petition for resentencing pursuant to Penal Code section 1172.6.[1] Turner argues the trial court erred by denying his petition because at the evidentiary hearing it applied the incorrect standard and erroneously admitted his confession to the police. Neither contention has merit, and we affirm the postjudgment order.

## FACTS

An amended complaint charged Turner with willful, deliberate, and premeditated attempted murder (§§ 664, subd. (a), 187, subd. (a), count 1), three counts of street terrorism (§ 186.22, subd. (a), counts 2, 4, & 6), and two counts of aggravated assault (§ 245, subd. (a)(1), counts 3 & 5). As to counts 1, 3, and 5, the information alleged Turner personally inflicted great bodily injury (§ 12022.7, subd. (a)), and committed the offenses for the benefit of the gang (§ 186.22, subd. (b)(1)). The information also alleged recidivism-based allegations.

As relevant here, Turner pleaded guilty to counts 1, 3, and 5 and the enhancements alleged as to those counts. Turner admitted the following facts as the basis for his guilty plea: "[O]n or about 3/19/2011 I did unlawfully and, with the intent to kill, attempted to kill John Doe #1. On or about 10/16/2010 and 7/4/2010 I did willfully and unlawfully commit an assault upon John Doe #2 and John Doe #3 with a knife. I personally inflicted great bodily injury on Doe #1, Doe #2 and Doe #3. On such date I committed the

---

[1] Effective June 30, 2022, the Legislature renumbered Penal Code section 1170.95 to section 1172.6 without substantive change. (Stats. 2022, ch. 58, § 10.) For purposes of clarity, we refer to the statute as section 1172.6 throughout the opinion. All further statutory references are to the Penal Code.

offenses for the benefit of Southside Demons, a criminal street gang, and I acted with the specific intent to promote criminal conduct by members of that gang." The trial court sentenced Turner to 17 years in prison.

Years later, Turner filed a petition for resentencing under section 1172.6. The trial court concluded Turner made a prima facie case for relief and issued an order to show cause. Later, the court denied his motion to exclude his confession to police under *Miranda v. Arizona* (1966) 384 U.S. 436. At the evidentiary hearing, the detective testified and the court admitted Turner's confession to the detective into evidence. In his confession, Turner stated that after another man pulled out a knife and attacked him, Turner stabbed the man. The court denied his petition for resentencing. In doing so, the court relied on his plea and his confession.

DISCUSSION

I.

SECTION 1172.6 PETITION

Turner argues that at the evidentiary hearing the trial court applied the incorrect standard. Any error was harmless.

Senate Bill No. 1437 (2017–2018 Reg. Sess.) eliminated "natural and probable consequences liability for murder as it applies to aiding and abetting." (*People v. Lewis* (2021) 11 Cal.5th 952, 957.) The bill also created a procedural mechanism for defendants who could not be convicted of murder under the amended laws to seek retroactive relief. (§ 1172.6, subd. (a)(1)–(3); *Lewis, supra,* 11 Cal.5th at p. 957.) Senate Bill No. 775 (2021–2022 Reg. Sess.) expanded the class of defendants entitled to relief to those convicted of attempted murder under the natural and probable consequences doctrine. (§ 1172.6, subd. (a)(1); *People v. Delgadillo* (2022) 14 Cal.5th 216, 223, fn. 3 [identifying changes in Sen. Bill No. 775].)

3

When a defendant makes a prima facie case for relief, the trial court must "hold a hearing to determine whether to vacate the murder . . . conviction and to recall the sentence and resentence the petitioner on any remaining counts in the same manner as if the petitioner had not previously been sentenced." (§ 1172.6, subd. (d)(1).) Generally, at the hearing, the admission of evidence is governed by the Evidence Code. (§ 1172.6, subd. (d)(3).)

Assuming for the sake of argument the trial court erred by applying the incorrect standard, Turner was not prejudiced. Regardless of whether the error should be evaluated under *People v. Watson* (1956) 46 Cal.2d 818, 836, or *Chapman v. California* (1967) 386 U.S. 18, 24, Turner has not established he was prejudiced.

Attempted murder requires a specific intent to kill. (*People v. Falaniko* (2016) 1 Cal.App.5th 1234, 1242–1243.) A specific intent to kill requires express malice. (*Zemek v. Superior Court* (2020) 44 Cal.App.5th 535, 548.) Implied malice cannot support a conviction of attempted murder. (*People v. Bland* (2002) 28 Cal.4th 313, 327.)

Here, the record establishes beyond any reasonable doubt that Turner was the actual perpetrator of the attempted murder. Turner's admission on his plea form that he "unlawfully and, with the intent to kill, attempted to kill John Doe #1" and that he "personally inflicted great bodily injury on Doe #1" and his admission to the detective he was the sole offender demonstrates that he was the actual perpetrator of the attempted murder. (*Delgadillo, supra,* 14 Cal.5th at p. 233 [affirming denial of resentencing petition because record was clear defendant was sole perpetrator]; *People v. Ollo* (2021) 11 Cal.5th 682, 693 ["personally inflicted" indicates intent to punish perpetrators "who directly inflict harm"].) Turner's reliance on *People*

4

*v. Rivera* (2021) 62 Cal.App.5th 217, 233–234, is misplaced because in that case defendant's plea to malice aforethought second degree murder did not establish ineligibility while here the record demonstrates Turner had the specific intent to kill. Thus, the trial court properly denied Turner's resentencing petition.

II.

*MIRANDA V. ARIZONA* (1966) 384 U.S. 436

Turner contends that at the evidentiary hearing, the trial court erred by admitting his confession to the police because it was obtained in violation of his rights pursuant to *Miranda*. We disagree.

"The Fifth Amendment privilege against self-incrimination protects persons from being compelled by "'governmental coercion'" to serve as witnesses against themselves in "'any *criminal* case.'" [Citation.]" (*People v. Myles* (2021) 69 Cal.App.5th 688, 705 (*Myles*).) But a section 1172.6 hearing ""'is not a trial *de novo* on all the original charges.""" (*Myles, supra,* 69 Cal.App.5th at p. 705.) It is "'a *postconviction* proceeding'" and ""'an 'act of lenity'""" by the Legislature. (*Id.* at pp. 705–706.) "Because a sentence modification under section [1172.6] is an act of lenity and not a criminal trial, the wrongful admission of evidence does not implicate defendant's constitutional rights under the Fifth Amendment." (*Id.* at p. 706.)

Pursuant to *Myles*, Turner was not entitled to litigate a *Miranda* claim at his resentencing hearing in an effort to suppress his statements to police. The time to litigate such a claim was in the original criminal prosecution. Additionally, as *Myles* teaches, even the wrongful admission of evidence does not implicate a defendant's constitutional rights under the Fifth Amendment and thus his assertion the Evidence Code governs the admission of evidence is unpersuasive.

5

Turner's attempt to distinguish *Myles*, and *People v. Mitchell* (2022) 81 Cal.App.5th 575, both cases involving parole hearing testimony, is a distinction without a difference. What is of import is that his section 1172.6 petition was a request for leniency and not a prosecution for an offense threatening his liberty. As the *Mitchell* court aptly explained: "A petition under [section 1172.6] is not a criminal prosecution. [Citation.] It is the *opposite* of a criminal prosecution. A criminal prosecution can only hurt a defendant and can never help. The process here is the reverse: it can only help the defendant and can never hurt." (*Mitchell*, *supra*, 81 Cal.App.5th at p. 588.) Thus, the trial court did not violate Turner's *Miranda* rights when it admitted and considered his confession to police when denying his section 1172.6 petition.

## DISPOSITION

The postjudgment order is affirmed.


O'LEARY, P. J.

WE CONCUR:


MOORE, J.


DELANEY, J.

6